KOBRE ASSETS CORPORATION, Respondent, *v.* HYMAN D.
BAKER, Appellant, Impleaded with Others.

*Kobre Assets Corpn.* v. *Baker*, 178 App. Div. 62, affirmed.
(Argued June 11, 1917; decided July 11, 1917.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the first judicial
department, entered April 20, 1917, which affirmed an
order of Special Term denying a motion by defendant for
judgment in his favor upon the pleadings. The amended
complaint recites an agreement between the Ancient
Order of Hibernians and the Fifth Avenue Amusement
Company, under which the Fifth Avenue Amusement
Company is entitled to the sum of $6,500, with interest;
that the said agreement was duly assigned by the defend-
ant Fifth Avenue Amusement Company for a valuable
consideration to one Max Kobre about seven weeks prior
to the filing of a petition in bankruptcy against the said
Max Kobre; that the said Max Kobre, subsequent to the
time of the filing of said petition aforesaid, pretended to
sell, transfer and deliver all of the right, title and interest
which the said Max Kobre had in the assignment of the
agreement between the Ancient Order of Hibernians and
the Fifth Avenue Amusement Company to the defend-
ant, Hyman D. Baker, which assignment was dated back
about two months, and that the same was done without
any consideration, fraudulently, preferentially, collu-
sively and with the intent to delay, hinder and defraud
his creditors, while the said Max Kobre was insolvent
and was known to be such by himself as well as said
Hyman D. Baker. Plaintiff asked for judgment against
the defendant Hyman D. Baker, declaring the assign-
ment from Max Kobre to said Hyman D. Baker void, as
preferential and fraudulent against the creditors of Max
Kobre's Bank, as well as this plaintiff, and that the said
Hyman D. Baker be directed to immediately deliver up
the same so that it could be canceled. A personal judg-
ment is sought against the Ancient Order of Hibernians,

and that as far as the administratrix of Max Kobre is concerned, that she be barred of any and all rights she may have or claim to have under such assignment and the original agreement upon which it is based.

The following question was certified: "Does the complaint state facts sufficient to constitute a cause of action ?"

*J. A. Seidman* for appellant.

*Virginius Victor Zipris* for respondent.

Order affirmed, with costs, and question certified answered in the affirmative; no opinion.

Concur: HISCOCK, Ch. J., CHASE, COLLIN, HOGAN, CARDOZO, POUND and ANDREWS, JJ.